## COMMONWEALTH *vs.* MORRIS COUGHLIN.

Unlawful sales of intoxicating liquor, made by a wife in her husband's house in his absence, may be given in evidence to charge him for the offence.

COMPLAINT on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors. Trial at February term 1859 of the court of common pleas in Middlesex before *Bishop*, J., who signed this bill of exceptions :

" Four witnesses were introduced by the government, who proved a sufficient number of sales of strong beer, all of which were made by the wife of the defendant in the dwelling-house occupied by herself and the defendant. The circumstances of the sales were, that the witnesses went into the house, called for a quart of beer of the wife; she took their vessels; went, as they supposed, down cellar; brought the vessels back with the beer called for, and received from them the pay therefor. There was no evidence that the defendant ever sold or interfered with the sales in any way, except the fact that at two of the sales he happened to be present in the house.

" Upon these facts the defendant requested the court to rule that there was no greater presumption that the wife, in these sales, was acting for the defendant as his agent, than that she was acting therein for herself.

" The judge declined so to instruct the jury, but did instruct them that it was evidence that the wife was acting in said sales as the agent of the husband. The jury found the defendant guilty, and he files these exceptions."

*W. S. Gardner*, for the defendant. One of the sales made by the wife in her husband's absence was necessary to complete the offence of being a common seller. The presumption of coercion or agency of the wife does not arise except when she commits an offence in the presence of her husband. There is no presumption of fact or law, that an illegal act done in a man's house in his absence was done by his procurement. The instruction that all the testimony was proof of agency was

33 *

therefore erroneous.  1 Russell on Crimes, (7th Amer. ed.) 18
& seq.  Rex v. Hughes, 2 Lewin, 229.  Rex v. Price, 8 Car.
& P. 19.

S. H. Phillips, (Attorney General,) for the Commonwealth.

SHAW, C. J.  The direction was right.  The facts that the
husband and wife lived together, and that the house was his,
there being no evidence that she carried on a separate trade,
were competent evidence to go to the jury to prove that she
acted as his agent.  Commonwealth v. Murphy, 2 Gray, 513.
Commonwealth v. Fitzgerald, ante, 14.  Exceptions overruled.